[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-15430

_____

D.C. Docket No. 3:15-cr-00115-JFD-CSC-1

UNITED STATES OF AMERICA,

                                                                                        Plaintiff-Appellee,

versus

ROGER LARDRELL MCCULLOUGH,

                                                                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(March 15, 2017)

Before WILLIAM PRYOR, JORDAN, and RIPPLE,[*] Circuit Judges.

WILLIAM PRYOR, Circuit Judge:

---

[*] Honorable Kenneth F. Ripple, United States Circuit Judge for the Seventh Circuit, sitting by designation.

This appeal requires us to determine whether the bar against reassigning a case to a new judge "[a]fter a verdict or finding of guilty" unless the "judge who presided *at trial*" is absent or disabled, Fed. R. Crim. P. 25(b)(1) (emphasis added), applies where a defendant pleaded guilty. After a police officer stopped Roger McCullough for driving with a partially obscured license plate, the officer arrested McCullough for possession of marijuana. McCullough pleaded guilty to several drug and firearm charges, and the district court reassigned the case to a new judge for sentencing. McCullough argues that the reassignment was unlawful because the judge initially assigned to the case was neither absent nor disabled. *See* Fed. R. Crim. P. 25(b)(1). But the text of Rule 25 makes clear that the rule does not apply where a defendant pleaded guilty. We also reject McCullough's arguments that the traffic stop was unlawful, that the district court should have reassigned the case back to the initial judge, and that the district court committed procedural and substantive error when it sentenced McCullough. We affirm.

## I. BACKGROUND

Roger McCullough drove along the highway one evening in his late father's truck when a police officer stationed on the side of the road used a machine to read the license plate on the truck. The machine interprets alphanumeric symbols on license plates and constructs an image of the plate. It then cross-references those symbols against a database to search for, among other things, stolen vehicles and

2

Amber alerts. The truck was outfitted with an Alabama license plate that read "God Bless America." A bracket in the shape of an eagle with outstretched wings obscured parts of the license plate, including the invocation and the state of issue.



Alabama law provides that "[e]very motor vehicle operator . . . shall at all times keep attached and *plainly visible* on the rear end of such motor vehicle a license tag or license plate." Ala. Code § 32-6-51 (emphasis added). The officer turned on his lights to stop McCullough because the officer believed McCullough had violated this provision by driving with the eagle bracket. McCullough refused to stop for several miles. When McCullough finally did stop, the officer detained McCullough for safety reasons. The officer also wrote McCullough tickets for failing to have a plainly visible license plate and for failing to yield to an emergency vehicle.

McCullough's situation worsened when the officer smelled marijuana wafting from the truck. The officer searched the truck and discovered $8,335 and a substance the officer believed was marijuana. The officer arrested McCullough,

3

searched him, and seized from his person more than $4,000 and a key to a hotel room. Police obtained a warrant to search the hotel room. The room contained several plastic bags, more than $1,000, three gallon-size bags filled with what the police believed was marijuana, weighing scales, a marijuana grinder, multiple phones, and a handgun.

When McCullough was arrested, he was already on supervised release from a previous conviction. His criminal history included three convictions for possession of controlled substances—twice for cocaine, once for marijuana—one conviction for possession with the intent to distribute marijuana, and several assaults. For violating his supervised release, McCullough was sentenced after his arrest to four months of time served. McCullough was given a new term of supervised release, which included twenty months of residence at Fellowship House in Birmingham, obtaining employment, and participating in a substance abuse program.

Soon after, a grand jury returned an indictment against McCullough for possession with intent to distribute marijuana, 21 U.S.C. § 841(a)(1), possession of a firearm in furtherance of a drug-trafficking crime, 18 U.S.C. § 924(c)(1)(A)(i), and being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1). McCullough moved to suppress the evidence on the ground that the officer lacked probable cause or reasonable suspicion to stop him for partly obscuring the license plate

because Alabama law required only that alphanumeric symbols be visible, not the full license plate. The district court denied the motion because it determined that a reasonable officer could have believed that McCullough violated Alabama law and that the arrest and search were justified. McCullough then pleaded guilty to each count before a magistrate judge.

Before sentencing, the probation officer calculated a guideline range of 262–327 months that accounted for, among other factors, McCullough's status as a career offender with a career history category of VI and a consecutive mandatory minimum of five years for being a felon in possession of a firearm. McCullough objected and filed a motion for a downward variance that requested a sentence between 117 and 131 months. McCullough argued that his case was similar to *Pepper v. United States*, where the Supreme Court permitted a district court to consider post-sentencing rehabilitation after an appellate court had vacated and remanded the defendant's initial sentence. 562 U.S. 476, 490 (2011). McCullough argued that the district court should take into account that, among other things, he had moved into the Fellowship House and had obtained employment since his most recent release from incarceration. He also maintained that marijuana is less serious relative to other controlled substances, so the guideline range was disproportionate to his crime.

The district court reassigned the case to a new judge for sentencing. McCullough argued that that the reassignment violated Federal Rule of Criminal Procedure 25, which provides that a district court may reassign a matter to a new judge if "[a]fter a verdict or finding of guilty, . . . the judge who presided at trial cannot perform those duties because of absence, death, sickness, or other disability." Rule 25(b)(1). He also moved the district court to reassign the case back to the initial judge, whom he contended was more familiar with the facts.

At the sentencing hearing, McCullough notified the district court that the motion for reassignment remained pending. The district court stated that it had not seen the motion. After reading the motion, the district court ruled that Rule 25 did not apply to defendants who, like McCullough, pleaded guilty. The district court also expressed surprise that a magistrate judge, not a district judge, had accepted the plea. The district court stated that it had read and considered all the letters McCullough submitted. Although the district court had not read *Pepper*, both parties stated the holding and made arguments as to its application. The district court reviewed each letter McCullough submitted and determined that the letters provided some evidence of lifestyle change but did not warrant a downward variance in the light of McCullough's significant criminal history. Instead, the district court sentenced McCullough to 294 months, the midpoint of his guideline range.

## II. STANDARDS OF REVIEW

A few different standards govern our review of this appeal. We review interpretations of rules of federal procedure *de novo*, *United States v. Lopez*, 562 F.3d 1309, 1311 (11th Cir. 2009), but we review the decision of a judge to "perform sentencing duties in a case he did not try" for abuse of discretion, *see United States v. McGuinness*, 769 F.2d 695, 696 (11th Cir. 1985). When reviewing the denial of a motion to suppress, which presents a mixed question of fact and law, we review factual findings for clear error and legal determinations *de novo*. *United States v. Gibson*, 708 F.3d 1256, 1274 (11th Cir. 2013). We also view the evidence in the light most favorable to the government, as the prevailing party. *See United States v. Capers*, 708 F.3d 1286, 1295–96 (11th Cir. 2013). We review sentencing decisions for abuse of discretion. *United States v. Irey*, 612 F.3d 1160, 1188 (11th Cir. 2010) (en banc).

## III. DISCUSSION

We divide our discussion in five parts. We first explain that the district court correctly ruled that Rule 25 does not apply to defendants who plead guilty. Second, we explain that the district court did not abuse its discretion when it refused to return the case to the initial judge. Third, we explain that the district court correctly denied the motion to suppress the evidence because the traffic stop was lawful. Fourth, we explain that McCullough's sentence is reasonable. Fifth, we explain

that McCullough waived the argument that one of his underlying convictions was insufficient to justify his status as a career offender.

### A. Sentencing Reassignment

Federal Rule of Criminal Procedure 25 governs reassignment of cases where a "trial" has occurred. The relevant provision applies where "[a]fter a verdict or finding of guilty . . . the judge who presided *at trial* cannot perform [the court's] duties." Rule 25(b)(1) (emphasis added). The rule limits reassignment in those circumstances to instances of judicial "absence, death, sickness, or other disability." *Id.*

McCullough argues that the rule applies to defendants like him who pleaded guilty because the district court conducts a "mini-bench trial" when accepting a guilty plea, but we disagree. Rule 25 does not apply because McCullough never went to trial. McCullough's guilty plea obviated the need for a trial, so the district court had the authority to reassign his case. *See* 28 U.S.C. § 137 (enabling district courts to rearrange their business); *United States v. Stone*, 411 F.2d 597, 599 (5th Cir. 1969) (District courts "have the inherent power to transfer cases from one to another for the expeditious administration of justice.").

Guilty pleas are governed not by Rule 25, but by Rule 11, and that rule makes clear that a defendant who pleads guilty does so in lieu of a trial. To plead guilty, a defendant must knowingly "waive[] . . . trial rights" guaranteed by the

8

Constitution such as the "right to a jury trial." Rule 11(b)(1)(C), (F). Rule 11 "[s]pecif[ies] that there will be no future trial of any kind" and ensures that "[o]nly a comparatively small number [of cases] go to trial." Fed. R. Crim. P. 11 advisory committee's note to 1966, 1974 amendments; *see also Green v. LaMarque*, 532 F.3d 1028, 1032 (9th Cir. 2008) (remarking that a conviction arose "pursuant to a plea, not a trial"); *United States v. Roberts*, 515 F.2d 642, 648 (2d Cir. 1975) (remarking that "the defendant contemplated not a trial but instead a plea of guilty"); *see also United States v. Tootle*, 65 F.3d 381, 384 (4th Cir. 1995) (Niemeyer, J., concurring) (remarking that a "hearing to approve a plea agreement is not a trial").

Rule 11 also falls within the section of the criminal rules entitled "Arraignment and Preparation for Trial," not the section entitled "Trial," which contains Rule 25. Although a title cannot overcome the text, it may shed light on the meaning of the text. Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 221 (2012); *see also Almendarez-Torres v. United States*, 523 U.S. 224, 234 (1998). The decision to separate Rules 25 and 11 into rules that govern "trial" and "preparation for trial," respectively, suggests that Rule 25 does not apply to defendants who pleaded guilty.

To be sure, some courts have applied the rule to defendants who pleaded guilty, *e.g.*, *United States v. Urben-Potratz*, 470 F.3d 740, 744 (8th Cir. 2006), and

9

one treatise has stated that "a successor judge is authorized under the Rule to sentence a defendant who previously pleaded guilty before the original judge." 25 *Moore's Federal Practice*, § 625.06 (Matthew Bender 3d ed.). But these decisions, as well as those the treatise relies on, apply the rule in a summary fashion that fails to persuade us. *See, e.g.*, *Urben-Potratz*, 470 F.3d at 744; *United States v. Edwards*, 800 F.2d 878, 884 (9th Cir. 1986) (rejecting the defendant's argument that "he had 'an implied plea bargain right' to have the judge who accepted his plea also impose [a] sentence"); *United States v. Tantalo*, 680 F.2d 903, 904 n.1 (2d Cir. 1982). These authorities cannot overcome the plain text and divisions of Rules 11 and 25.

### B. Motion to Reassign

A judge who did not preside over the guilty plea or trial must become familiar with the record before sentencing. *See, e.g.*, *United States v. Dowd*, 451 F.3d 1244, 1256 (11th Cir. 2006). McCullough argues that the district court expressed so much unfamiliarity with the record that it abused its discretion when it declined to reassign the case back to the initial judge for sentencing. We disagree.

The district court did not abuse its discretion. The record reflects that the district court was initially unaware of the motion to reassign, of the ability of a magistrate judge to accept a guilty plea in felony cases, and of the holding in

*Pepper*. But none of the alleged errors amount to a failure to become familiar with the record. Neither the plea having occurred before a magistrate judge nor the existence of a motion to reassign bears relevance to the sentence length. Even if they did, the district court became aware of the issues before sentencing. The parties also explained the holding of *Pepper* to the district court before the district court sentenced McCullough.

### C. Traffic Stop

McCullough argues that the district court should have suppressed all evidence from the traffic stop. He argues that the stop was unlawful because Alabama law requires only that the alphanumeric symbols on a license plate, not the full plate, must be "plainly visible." We disagree.

"The Fourth Amendment protects individuals from unreasonable search and seizure," *United States v. Holt*, 777 F.3d 1234, 1256 (11th Cir. 2015), including traffic stops, *United States v. Spoerke*, 568 F.3d 1236, 1248 (11th Cir. 2009). "[b]ecause the ultimate touchstone of the Fourth Amendment is 'reasonableness,'" *Brigham City v. Stuart*, 547 U.S. 398, 403 (2006), an officer conducts a valid traffic stop even if he makes an "*objectively* reasonable" mistake of law—such as incorrectly believing the law requires all brake lights to be operational instead of just one. *Heien v. North Carolina*, 135 S. Ct. 530, 539 (2014).

Even if McCullough is correct that Alabama law permits a driver to obscure certain portions of the license plate as long as the alphanumeric symbols are left "plainly visible," the stop was not unlawful because the officer's contrary conclusion was "objectively reasonable." *See id.* (emphasis omitted). Alabama law requires that "[e]very motor vehicle operator . . . shall at all times keep attached and plainly visible . . . a license tag or license plate." Ala. Code § 32-6-51. This text leaves open the possibility that more than the alphanumeric symbols must be plainly visible. That interpretation finds support in a revenue regulation governing the design of license plates that specifies that "'Alabama' must clearly be visible and must appear at the top of the license plate." Ala. Admin. Code r. 810-5-1-.217(4) (2012).

McCullough contends that the pertinent provision is not section 32-6-51, but section 40-12-242, a revenue statute that provides that "[n]o private passenger automobile and no motorcycle shall be used . . . unless the proper license tag . . . is securely attached . . . with the *number* thereof in an upright position and *plainly visible*." Ala. Code § 40-12-242 (emphases added). But reading both statutes together—as McCullough contends we should—supports the conclusion that the officer's interpretation was reasonable. The absence of any limit in section 32-6-51 suggests the section applies to more than alphanumeric symbols. Scalia & Garner, *supra*, at 107; *Russello v. United States*, 464 U.S. 16, 23 (1983).

12

McCullough also argues that the officer could not make a reasonable mistake of law because an appellate court has construed section 40-12-242 to require only that alphanumeric symbols be plainly visible, but this argument fails. For one thing, the decision that McCullough cites, *Whistenant v. State*, never construes the provisions of section 40-12-242; it only quotes the statute. 278 So. 2d 183, 193–94 (Ala. Crim. App. 1973). For another, even if the Alabama court had construed the statute and arrived at a result different from the officer, the presence or absence of an appellate decision is not dispositive of whether an officer's interpretation is objectively reasonable. *Heien*, 135 S. Ct. at 540.

## D. Reasonable Sentence

McCullough argues that his sentence is both procedurally and substantively unreasonable. He argues that the district court committed procedural error because it did not read *Pepper*, did not consider McCullough's recent conduct as McCullough states is required by *Pepper*, and did not consider each exhibit that McCullough provided. He argues that his within-guideline sentence is substantively unreasonable because charges relating to marijuana, he contends, are relatively less serious than charges relating to other drugs. We reject these arguments.

The district court committed no procedural error. "A sentence may be procedurally unreasonable if the district court improperly calculates the Guidelines

range, treats the Guidelines as mandatory rather than advisory, fails to consider the appropriate statutory factors [18 U.S.C. § 3553(a)], selects a sentence based on clearly erroneous facts, or fails to adequately explain the chosen sentence." *United States v. Gonzalez*, 550 F.3d 1319, 1323 (11th Cir. 2008). Although the district court initially expressed unfamiliarity with the decision in *Pepper*, the parties explained the holding to the district court before it sentenced McCullough. And *Pepper* did not even apply to McCullough's sentencing because the district court was sentencing McCullough for the first instance, not resentencing him after an appellate court vacated the initial sentence. The record also belies McCullough's argument that the district court failed to consider his recent conduct or each exhibit he submitted. The district court stated that it had read each letter that McCullough submitted, including those concerning his rehabilitation, but determined that a downward variance was unwarranted.

The district court also imposed a substantively reasonable sentence. A district court imposes a substantively unreasonable sentence if it fails to consider relevant factors that were due significant weight, gives improper or irrelevant factors substantial weight, or commits a clear error in judgment by balancing proper factors unreasonably. *Irey*, 612 F.3d at 1189. We will vacate a sentence on substantive grounds only when we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the [section]

3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Id.* at 1190 (citation omitted). McCullough offers no reason to suggest that his sentence within the guideline range warrants reversal, especially in the light of his substantial criminal history.

### E. Career Offender Status

In a letter providing supplemental authority, McCullough cited a decision of the Supreme Court issued after the briefing schedule to argue that one of his underlying convictions was insufficient to justify his status as a career offender. "Our longstanding case law rule is that an appellant who does not raise an issue in his opening brief may not do so" later. *See United States v. Durham*, 795 F.3d 1329, 1330 (11th Cir. 2015) (en banc). An exception to this rule exists where "an intervening decision of the Supreme Court" provides a litigant "with a new claim or theory." *Id.* at 1331. But the decision McCullough cited, *Mathis v. United States*, 136 S. Ct. 2243 (2016), did not enable McCullough to bring "a new claim or theory," so McCullough waived this argument.

### IV. CONCLUSION

We **AFFIRM** McCullough's judgment of conviction and sentence.

## UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

March 15, 2017

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 15-15430-BB
Case Style: USA v. Roger McCullough
District Court Docket No: 3:15-cr-00115-JFD-CSC-1

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Carol R. Lewis, BB at (404) 335-6179.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Djuanna Clark
Phone #: 404-335-6161

OPIN-1 Ntc of Issuance of Opinion